IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAX ACKERMAN, et al.,            §
                                 §
          Plaintiffs,            §
                                 §
v.                               §          Civil Action No. H-06-0291
                                 §
LOUISIANA GAS                    §
DEVELOPMENT CORP.,               §
                                 §
          Defendant.             §

ORDER

_____Pending before the Court is Plaintiffs' Motion to Remand (Document No. 7).

Having considered the motion, submissions and applicable law, the Court determines

the motion should be granted.


BACKGROUND

This case arises from a natural gas well explosion in Crosby, Texas, on June 1,

2005. Plaintiffs are more than 350 people residing near the well (collectively,

"Plaintiffs") who seek to recover for personal injuries and property damage they

allegedly suffered in the explosion.[1] They assert claims against the owner of the well,

Louisiana Gas Development Corporation ("LGDC"), for trespass, private nuisance, and

---

[1]According to Plaintiffs, the explosion caused earthquake like effects upon nearby homes, resulting in property damage such as cracked foundations, walls, and broken windows. Further, the smoke and particulate from the fire is alleged to have caused damage to the roofs and paint of vehicles, in addition to making some plaintiffs sick.

negligence.  On December 2, 2005, Plaintiffs filed suit in the 165th Judicial District Court in Harris County, Texas.

On January 27, 2006, LGDC removed the suit to federal court on the basis of diversity jurisdiction.[2]  On February 24, 2006, Plaintiffs filed the instant motion asking that the case be remanded to state court because the Court lacks subject matter jurisdiction to hear the dispute.   Specifically, Plaintiffs argue LGDC cannot demonstrate that the amount in controversy for any single plaintiff exceeds the $75,000 jurisdictional threshold.   In response, LGDC contends because at least one of the Plaintiffs suffered damages exceeding $75,000, removal to federal court is proper for all claims.[3]

## LAW AND ANALYSIS

Plaintiffs allege removal is improper because the amount in controversy for any plaintiff does not exceed $75,000, a requirement for diversity jurisdiction to exist.  The Court notes at the outset the removing party bears the burden of proving that the facts of the case are adequate to establish federal jurisdiction.  *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961).  If a plaintiff's claim is

---

[2] Plaintiffs are citizens of Texas.  LGDC is incorporated and has its principal place of business in Louisiana.

[3] LGDC asserts that four individuals are likely to have claims that exceed $75,000.

—

apparently made in good faith, the sum claimed is controlling on the amount in controversy issue. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  In the situation where a plaintiff's complaint does not specify an amount in controversy, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (hereinafter "*De Aguilar I*"). Further, any ambiguities or doubts should be construed in favor of remand.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  In short, if the defendant fails to prove federal jurisdiction exists and doubts regarding the propriety of removal remain, the district court must remand the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Pursuant to 28 U.S.C. § 1441, a defendant may remove any civil action from state court to a federal court that would have had original jurisdiction. 28 U.S.C. § 1441 (2000).  District courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the action is between citizens of different states.  *See* 28 U.S.C. § 1332. The parties do not dispute that the instant action involves citizens of different states. Defendants seeking to remove a case cannot aggregate the claims of multiple plaintiffs to meet the $75,000 threshold unless these plaintiffs assert a common and undivided

3

interest.[4]  *Snyder v. Harris*, 394 U.S. 332, 336 (1969).

Demonstrating that the amount in controversy exceeds the jurisdictional threshold can be satisfied in one of two ways.  The first occurs when the plaintiff's original state court petition makes it "facially apparent" that his or her claims exceed the jurisdictional amount.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  In the alternative, if the amount in controversy is not facially apparent, then the removing party must demonstrate jurisdiction by presenting facts sufficient to support a finding that the amount in controversy exceeds $75,000.[5] *Asociacion Nacional de Pescadores A Pequene Escala O Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (hereinafter

---

[4] In determining if a common and undivided interest exists in a diversity case, courts typically weigh factors including integration of claims under state law, and the defendant's interest in the apportionment of an award.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1331 (5th Cir. 1995), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).  In this case, it is undisputed that Plaintiffs do not make a united claim for a common and undivided interest, and each plaintiff's claim is separate and distinct from any other plaintiff's claim.

[5] During this phase of the jurisdictional analysis, the court may consider "summary-judgment-type evidence."  *Allen*, 63 F.3d at 1336.  Courts must scrutinize the jurisdictional facts as they existed at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  In doing so, courts may consider pleadings or affidavits submitted by a plaintiff for the purpose of clarifying the amount in controversy question.  *Id.* at 565.  When a post-removal affidavit or pleading is relevant to resolve an incomplete jurisdictional question, the United States Court of Appeals for the Fifth Circuit allows for the introduction of information to clarify the jurisdictional situation.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1406 (5th Cir. 1995) (hereinafter "*De Aguilar II*").

4

"ANPAC").

Here, pursuant to Rule 47(b) of Texas Rule of Civil Procedure, Plaintiffs' original petition is silent on the issue of amount in controversy. *See* TEX. R. CIV. P. 47(b); *St. Paul Reinsurance*, 134 F.3d at 1253. However, the Court notes that as stated in the original petition, the injuries allegedly incurred by the plaintiffs do not appear to be "overly extreme." *See Batiste v. Messer*, No. Civ.A. 99-0486, 1999 WL 529536, at *4 (E.D. La. July 22, 1999) (finding that because personal injuries and damages resulting from an auto accident were not overly extreme, the action did not facially appear to exceed $75,000). Moreover, the alleged injuries do not appear to be of a type that require continued or future medical treatment. *See, e.g., Gebbia*, 233 F.3d at 883 (affirming a district court's denial of remand where the plaintiff sustained extensive physical injuries); *Wise v. Bayer*, 281 F. Supp. 2d 878, 884-85 (W.D. La. 2003) (finding amount in controversy exceeded $75,000 where plaintiff's stated damages were less than $50,000 but that amount did not account for severe, ongoing physical injuries); *Evett v. Consol. Freightways Corp.*, 110 F. Supp. 2d 510, 512 (E.D. Tex. 2000) (finding that the amount in controversy exceeded $75,000, where future medical expenses of $71,215 did not incorporate compensation for massive facial injuries and the resulting physical and emotional disfigurement). Further, even after consideration of the possible statutory and common law damages, the Court cannot find sufficient

5

evidence in the Plaintiffs' original petition to conclude the amount in controversy exceeds $75,000 as to any individual Plaintiff.  *St. Paul Reinsurance Co.,* 134 F.3d at 1253.  Thus, it is not "facially apparent" that the amount in controversy exceeds $75,000.  *Id.*

Because the amount in controversy is not "facially apparent," the Court must determine if LGDC has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *ANPAC*, 988 F.2d at 565.  LGDC must present facts establishing that the actual amount in controversy exceeds $75,000 rather than relying on a circumstance that *might* allow such recovery.  *See De Aguilar II*, 47 F.3d at 1412 (emphasis added).  LGDC's reliance on speculative damages is insufficient to demonstrate the amount in controversy is greater than $75,000.  *Id.* Facts supporting removal cannot be based merely on conclusory allegations set forth by the defendants.  *Allen*, 63 F.3d at 1335.  "[B]are allegations by a removing party have been held insufficient to invest a federal court with jurisdiction." *ANPAC*, 988 F.2d at 566.

To meet its burden, LGDC points to the claims of four specific defendants, and argues that because the value of their property exceeds or approaches $75,000, the amount in controversy would exceed $75,000.  However, the evidence before the Court undermines LGDC's allegations that the amount in controversy exceeds $75,000.

6

Specifically, property damage appraisals indicate that the damage to several of the plaintiffs' properties is far less than $75,000. Thus, the Court concludes there is insufficient evidence to demonstrate that the amount in controversy exceeds $75,000 as to any individual Plaintiff, and it lacks subject matter jurisdiction to consider the dispute. *See* § 1332. Therefore, the Court grants Plaintiffs' motion to remand the case to state court. Given the foregoing the Court hereby

ORDERS that Plaintiffs' Motion to Remand (Document No. 7) is GRANTED. Civil Action No. 06-291 is hereby REMANDED to the 165th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas, on this 22nd day of June, 2006.


_____
DAVID HITTNER
United States District Judge

7